# Medenica Law PLLC

*Attorneys at Law*
Olivera Medenica

3 Columbus Circle, 15th Fl.
New York, NY 10019
Tel: (212) 785-0070
Fax: (646) 514-5302
OMedenica@MedenicaLaw.com

October 21, 2015

**VIA ECF**

The Honorable Lisa Margaret Smith
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: **Privado Marketing Group LLC, at al v. Eleftheria Rest Corp.
13 cv 3137 (ER-LMS)**

Dear Judge Smith:

We represent Plaintiffs Privado Marketing Group LLC, DC 114 Cedar NR, LLC, and Don Coqui Holding Company, LLC ("Plaintiffs") in the above referenced matter. We are writing pursuant to your individual rules of practice to request an extension of time of three months for the close of discovery, and two weeks for Plaintiffs to respond to Defendants' outstanding discovery requests. Based on our review of the record, this is Plaintiffs' first request for an extension of time. If Plaintiffs' request is granted, Plaintiffs' time to respond to Defendants' discovery requests would be extended to November 4, 2015 and the close of fact discovery would be extended to February 15, 2016.

The extension of time is needed for several reasons. Our firm was retained on this matter on Monday October 19, 2015. While we have reached out to Plaintiffs' former counsel on Monday, we have not yet had a chance to obtain a copy of the file or discuss the matter with him. We have access to all documents electronically filed with the Court and are in the process of reviewing them. However, we do not have a copy of any discovery exchanges in this proceeding for the exception of outstanding discovery requests forwarded to our attention by Defendant Eleftheria Rest Corp. ("Eleftheria") on Monday October 19, 2015.

Second, Eleftheria's discovery requests are dated May 7, 2015. Based upon a prior correspondence submitted to this Court by Eleftheria's counsel (Doc. #46), it appears that Plaintiffs' prior counsel orally requested an extension of time until July 18, 2015 to respond to such discovery requests; a request that appears to have been orally granted by Defendants' counsel. Shortly thereafter, on August 3, 2015, Plaintiffs' counsel filed a motion to withdraw. On September 4, 2015, this Court issued an order granting the motion to withdraw, and staying the proceedings until October 19, 2015. On October 19, 2015, we filed a notice of appearance on behalf of Plaintiffs. Accordingly, given the relatively short delay between the July 18 and August 3 dates, we respectfully request a

brief delay of two weeks so that our client not suffer prejudice as a result of having to secure substitute counsel.

Third, based upon our conversations with Plaintiffs, the delay in responding to such discovery requests is not deliberate. Plaintiffs have simply not had a chance to review these discovery requests with the assistance of counsel.[1] A window of two weeks would allow us to explain these requests to Plaintiffs, and give them an opportunity to gather responsive documents, if any.

Fourth, Defendants suffer no prejudice as a result of such delay. Plaintiffs' request for a preliminary injunction was denied by this Court on July 2, 2013. Defendants' request for a preliminary injunction was also denied by this Court in December of 2014. Accordingly, both parties have been able to operate, and to date, continue to operate their respective businesses, to the same extent they did at the inception of this matter.

Fifth, the delays that occurred in this proceeding – again, based upon our review of the record – appear to be the result of extensive motion practice and unsuccessful mediation, and not the result of discovery disputes or deliberate discovery delays.

Finally, with a three month extension of discovery, the parties will have sufficient time to review their respective discovery responses, and schedule depositions (to our knowledge, none have occurred). Accordingly, additional time is needed so that the parties are in a position to file dispositive motions, should they ultimately decide to do so, and avoid the expenses of a full trial on the merits.

The undersigned sought consent from Defendants' counsel, but such consent was denied.[2] The reasons given for such denial are that the long delay in responding, presumably from May 7, 2015 to today, has prejudiced Defendants. Furthermore, an extension of discovery was also denied on that ground that the case management schedule has already been amended once, and that if Plaintiffs were to serve discovery requests, the time to respond would not be due until after the close of discovery.

For the reasons stated above, we disagree. Plaintiffs' delay in responding to Eleftheria's requests was the direct result of Plaintiffs having to substitute counsel. The timeline above clearly indicates that Plaintiffs' prior counsel moved to remove himself a few weeks after Plaintiffs' discovery responses were due. Furthermore, a delay of three months will not prejudice Defendants given the fact that Defendants' business operations are unimpeded. Conversely, without an extension, Plaintiffs will be severely prejudiced as they will not have the benefit of discovery responses from Defendants, or the ability to schedule depositions.

In light of these issues, Plaintiffs respectfully request a two week deadline to respond to Defendants' discovery requests, and an extension of the close of discovery until February 16, 2016.

---

[1] Eleftheria's discovery requests include 22 interrogatories, 31 requests for production, and 119 notices to admit.
[2] Defendants' counsel has denied the extension of discovery, but has not responded on the specific request for two weeks. Defendants' position is that any extension of time should be unilateral in Defendants' favor.

Thank you for your attention to this matter.

Respectfully submitted,

Olivera Medenica (0589)
**MEDENICA LAW, PLLC**
3 Columbus Circle, 15th Floor
New York, New York 10019

Cc:   Robert B. Golden (via email only)
      *Counsel for Defendants*