# Medenica Law PLLC

*Attorneys at Law*
Olivera Medenica

3 Columbus Circle, 15th Fl.
New York, NY 10019
Tel: (212) 785-0070
Fax: (646) 514-5302
OMedenica@MedenicaLaw.com

January 13, 2016

**VIA ECF**

The Honorable Lisa Margaret Smith
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: **Privado Marketing Group LLC, at al v. Eleftheria Rest Corp.
13 cv 3137 (ER-LMS)**

Dear Judge Smith:

We represent Plaintiffs Privado Marketing Group LLC, DC 114 Cedar NR, LLC, and Don Coqui Holding Company, LLC ("Plaintiffs") in the above referenced matter. We are writing pursuant to your individual rules of practice, and the November 16, 2015 discovery order in this matter, as a discovery dispute with respect to the inadequacy of Defendants' discovery responses has arisen that the parties are unable to resolve.

On December 9, Plaintiffs served via email to Defendants' counsel two discovery demands, one a document request and the other interrogatories. Our email was not rejected as "undeliverable" or otherwise.[1] On December 11, Plaintiffs served amended document requests via email and mail. These amended requests are not relevant for purposes here as they merely itemized a particular subset of financial documents that were already requested under the initial demands.

On January 11, via email, Defendant objected to Plaintiffs' demands on the grounds that they are untimely. Discovery in this matter closed on January 8; 30 days from December 9 is January 8. Defendants claim that because of FRCP 6(d), 3 days are added to Defendants' time to respond. Accordingly, since 3 days from January 8 is January 11, Defendants conclude they have no obligation to respond. Defendants do not dispute that service was proper under FRCP 5(b)(2)(E), and do not claim not to have received our email correspondences.

While Rule 6(d) does tack on 3 days, we are unable to find a single case within this district, or the Second Circuit Court of Appeals, for the proposition that a party is foreclosed from discovery solely based upon Rule 6(d) under circumstances analogous to the circumstances here. Since discovery was bifurcated, Plaintiffs' discovery requests at issue here constitute the *only* opportunity for Plaintiffs to obtain discovery from Defendants. Plaintiffs' requests are neither duplicative, nor unduly

---

[1] Our office also deposited both demands in a Federal Express overnight envelope that same day (see attached Fedex slip). However, upon our return the next morning, we discovered that the package was never picked up by Federal Express, so we sent it out on December 10th via overnight mail.

1

burdensome. Should Plaintiffs be foreclosed from discovery, the results would be highly prejudicial to Plaintiffs. Defendants, however, would suffer no prejudice since Defendants' business operations have remained unimpeded. Accordingly, Plaintiffs urge the Court to consider the circumstances and the lack of prejudice to Defendants that would result if Defendants were compelled to answer.

The underlying purpose of FRCP 6(d) is "to protect parties who are served notice by mail from suffering a systematic diminution of their time to respond through the application of Rule 5(b)" which provides that service by mail is complete upon transmission. See Golodetz Corp. v. Lawson, 198 B.R. 441 (S.D.N.Y. Bankr. 1996); Peete v. American Standard Graphic, 885 F.2d 331 (6th Cir. 1989)(quoting 4A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1171, at 514 (1987 & Supp. 1996). The purpose of the rule is not to arm a party with a gratuitous windfall or "gotcha" moment where no prejudice would result. Rather, its purpose is to ensure a party's 30 day time period under Rule 5(b) remains intact. That is the case here, and Defendants have had 30 days to contemplate their responses to Plaintiffs' discovery demands.

Other Circuits have squarely addressed the issue, and have ordered parties to comply with discovery requests served by mail or email between 30 and 33 days prior to the discovery cutoff, as is the case here. See Aevoe Corp. v. AE Tech Co., 2013 U.S. Dist. LEXIS 124591 (D. Nev. Aug. 30, 2013); Bishop v. Potter, 2010 U.S. Dist. LEXIS 85071 (D. Nev. July 14, 2013); TV Interactive Data Corp. v. Sony Corp., 2012 U.S. Dist. LEXIS 56861 (N.D. Cal. Apr. 23, 2012); Lowe v. Vadlamudi, 2012 U.S. Dist. LEXIS 122860 (E.D. Mich. Aug. 29, 2012).

It is worth noting that Defendants' counsel waited until after the close of discovery to assert this objection, this despite the fact that both counsel spent the entire first week of January in depositions, and conducted a conference before this Court in mid-December. Furthermore, Defendants' strict reading of Rule 6(d) can also be explained by the fact that Defendant John Mangan testified under oath during his deposition that he *intentionally* spoliated evidence in *retaliation* for Plaintiffs' claims made in this lawsuit.[2] Mr. Mangan further testified that his then counsel, presumably Mr. Golden, did not inform him that such actions were improper. An issue that would certainly need to be addressed should Defendants be compelled to respond to Plaintiffs' discovery demands.

Accordingly, Plaintiffs respectfully request a conference with this Court to address the issue of whether Defendants should be compelled to answer Plaintiffs' discovery demands. Thank you for your attention to this matter.

Respectfully submitted,

/s/ *Olivera Medenica*
Olivera Medenica (0589)

Cc:   Robert B. Golden (via email only)
      *Counsel for Defendants*

---

[2] Defendant John Mangan testified that he had exclusive control of all email accounts associated to the DonCoqui.com domain name, which is the account under which the parties communicated prior to the dispute. Plaintiffs' discovery requests ask for those email communications; which apparently Mr. Mangan discarded in retaliation to the claims made here.

2

My Profile | Support | Locations | English | Search

  Ship   Track   Manage   Learn   FedEx Office®

# FedEx Ship Manager®

Logout   Help

| Ship | LTL Freight | Ship History | My Lists | Reports | My Profile | Administration |

## Your Shipment Details

| | | | |
|---|---|---|---|
| **From:** | Olivera Medenica | **Ship date:** | 12/09/2015 |
| | Medenica Law PLLC | **Weight:** | 1.00 LBS |
| | 3 Columbus Circle, 15th Floor | **Declared value:** | 0.00 USD |
| | New York, NY  10019 | **Package Contents:** | |
| | US | **Document Description:** | |
| | 2127850070 | **Shipment Purpose:** | |
| | | **Invoice number:** | |
| | | **Freight On Value:** | |
| **To:** | Robert B. Golden, Esq. | **Pricing Option:** | FedEx Standard Rate |
| | Lackenbach Siegel LLPC | **Service type:** | Standard Overnight |
| | One Chase Road | **Package type:** | FedEx Envelope |
| | SCARSDALE, NY  10583 | **Pickup/Drop Off:** | Drop off package at FedEx location |
| | US | **Shipper account number:** | |
| | 914-723-4300 | **Bill transportation to:** | |
| | | **Courtesy rate quote:*** | 17.18 |
| **Tracking no.:** | 775160310998 | **Discounted variable %:** | |
| | | **Special services:** | |
| | | **Shipment type:** | Express |
| | | **Commercial/Residential Status:** | Commercial |

Print   Track   Return to History

**Please note :**
. * The courtesy rate shown here may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.
FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.

FedEx.   Search

**Customer Focus**  
New Customer Center  
Small Business Center  
Service Guide  
Customer Support  

**Company Information**  
About FedEx  
Careers  
Investor Relations  

**Featured Services**  
FedEx One Rate  
FedEx SameDay  
FedEx Home Delivery  
Healthcare Solutions  
Online Retail Solutions  
Packaging Services  
Ancillary Clearance Services  

**Other Resources**  
FedEx Compatible  
Developer Resource Center  
FedEx Ship Manager Software  
FedEx Mobile  

**Companies**  
FedEx Express  
FedEx Ground  
FedEx Office  
FedEx Freight  
FedEx Custom Critical  
FedEx Trade Networks  
FedEx SupplyChain  
FedEx TechConnect  

**Follow FedEx**

United States - English

© FedEx 1995-2016

Global Home | Site Map | fedex.com Terms of Use | Security and Privacy