# Oquendo Deraco Pllc

**The Chanin Building**
380 Lexington Avenue, Suite 1773   ●   New York, New York 10168
Telephone: 212.551.7904 ● Email: reo@roesq.com

December 16, 2016

Via ECF

The Honorable Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Privado Marketing Group LLC, et al v. Eleftheria Rest Corp.,* 13-cv-3137 (ER)
      Plaintiffs' Response in Opposition to Defendants/Counterclaimants'
      Motion to Dismiss and Cross-Motion

Dear Judge Ramos:

As Your Honor is aware on Tuesday, December 6, 2016, my Firm filed a Notice of Appearance on behalf of the Plaintiffs in this action. On Thursday, December 8, 2016 the Defendant/Counterclaimants' (the "Defendants") counsel filed a Letter Motion to Dismiss the Plaintiffs claims and have requested a default judgment in their favor except for the Defendants claims for monetary damages. Accordingly, pursuant to this Court's Order entered on December 9, 2016, the Plaintiffs hereby submits this letter response in opposition the Defendants Motion to Dismiss and pursuant to FRCP Rule 6(b)(1)(B) cross-moves for an extension of time allowing the Plaintiff's Notice of Appearance to be filed on and deemed accepted by this Court on December 6, 2016, one day past the December 5, 2016 deadline set forth in the Court's November 4, 2016 Order (the "November 4th Order").

As an initial response to the Defendant's Counsel Letter Motion, I hereby confirm that the Plaintiffs have provided me with a copy of the November 4th Order and that I have read and understand fully the provisos and mandates of the November 4th Order. Having read the November 4th Order I note, however, that Defendants Counsel misrepresents in its letter that there have been three (3) separate prior counsel motions to withdraw due to the Plaintiffs failure to pay its legal fees when, in fact, as duly noted by this Court's proceedings there have only been two (2) prior motions to withdraw as counsel by the Plaintiff's prior counsel. The Defendants' Counsel also misrepresents in its letter that the Court will not permit new counsel to withdraw on similar grounds when, in fact, on Page 3 of the November 4th Order the Court expressly ruled that ".. the Court will not order that substitute counsel be prohibited from withdrawing from the case." Further, as I read the November 4th Order, the Court stated that the Defendants may move

00494512

The Honorable Edgardo Ramos
United States District Judge
December 16, 2016
Page Two

to dismiss the Plaintiffs' case for failure to prosecute in the event no substitute counsel has filed a Notice of Appearance on behalf of the Plaintiffs by December 5th. The Defendants' Letter Motion is not only seeking dismissal of the Plaintiffs' case but also improperly requesting that a default judgment be entered on its counterclaims against the Plaintiffs.

Returning to the merits of the Defendants' Motion to Dismiss, the Plaintiffs respectfully submit that they should be permitted to file its new counsel's Notice of Appearance pursuant to FRCP Rule 6(b)(1)(B). FRCP Rule 6(b)(1)(B) provides: "when an act may or must be done within a specified time, the court may, for good cause, extend the time: . . .on motion made after the time has expired if the party failed to act in a timely manner because of excusable neglect." The United States Supreme Court has noted that excusable neglect is "a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant", but which must be assessed in view of all relevant circumstances surrounding the omission. *Pioneer Inv. Services, Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 390, 391-392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (district courts may grant extensions of time in purely procedural matters upon a showing of "excusable neglect" and such a ruling will not be overturned absent abuse of discretion). In *Pioneer*, the U.S. Supreme Court found that the determination of excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission" and such factors include the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

In the first instance, the Plaintiffs admit that they unfortunately experienced difficulty in identifying potential new counsel that would be willing to accept the engagement to serve as counsel in a case that is approximately three (3) years old and with knowledge of the Plaintiffs admitted financial difficulty in paying prior counsel legal fees. I was first contacted by the Plaintiffs on the afternoon of December 5th and was immediately provided with a copy of the November 4th Order for my review and specifically informed that a Notice of Appearance had to be filed with the Court by December 5th. Because I have a more than 30 year personal relationship with the Rodriguez family and from time to time over these many years a professional relationship as their family and business attorney, I agreed to immediately review the matter and advise them if I would be willing to accept the engagement and appear as their new counsel the next day, December 6th. I spent several hours during the evening of December 5th reviewing the November 4th Order, the procedural history of the case and specifically the Plaintiffs' Motion for Summary Judgment filed by prior counsel Olivera Medenica which is currently *sub judice* before this Court. On Thursday, December 6th I advised the Plaintiffs that I would accept their representation and file a Notice of Appearance on their behalf. Accordingly, I prepared and filed my Firm's Notice of Appearance on December 6th.
The Honorable Edgardo Ramos

United States District Judge
December 16, 2016
Page Three

In light of the above facts and circumstances concerning my decision to appear as Counsel for the Plaintiffs, I respectfully assert that the Plaintiffs' one day delay in retaining new counsel was not intentional and otherwise constitutes good cause and excusable default and thus ask that this Court accept my Firm's Notice of Appearance.

With respect to the Defendants argument that the Plaintiffs case should be dismissed for failure to prosecute under FRCP 41(b), the Plaintiffs respectfully submit that the facts surrounding the Plaintiffs *de minimis* one (1) day unintentional delay in failing to retain new counsel and to file a Notice of Appearance by December 5th do not support a dismissal of the Plaintiffs case.

Rule 41(b) of the Federal Rules of Civil Procedure allows the district court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order." Fed. R. Civ. P. 41(b).  When a court is considering a dismissal under Rule 41(b), it must weigh five (5) factors:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Addressing each of the above five (5) factors in order:

1. The duration of the Plaintiffs alleged failure to comply with the November 4th Order was only 1 day and otherwise inconsequential insofar as the Defendants rights and interest in the totality of the history and current procedural status of this case;

2. Plaintiff acknowledges that it was on notice that its failure to comply with the November 4th Order and retain new counsel by December 5th could potentially result in dismissal of its case.  Unfortunately, as previously noted, the Plaintiffs experienced difficulty securing new counsel on or before December 5th, but the fact that the Plaintiffs sought me out and I have agreed to appear as their new counsel is evidence itself that the Plaintiffs understood the import and potential consequences of the November 4th Order and clearly cannot under any circumstances be considered to have intentionally abandoned their case by failing to prosecute it;

The Honorable Edgardo Ramos
United States District Judge
December 16, 2016
Page Four


3.   The Defendants have not in their Motion to Dismiss articulated any prejudice to their rights and interest in the case generally or specifically in the Motion for Summary Judgment which has been fully briefed by the parties and is *sub judice*.  Rather, the Defendants are unquestionably seeking a substantive windfall by having the Plaintiffs case dismissed on a *de minimis* one (1) day late filing of the Notice of Appearance;

4.   As noted previously, this is a case that has been on this Court docket for approximately three (3) years.  A great deal of the Court's resources have been invested in affording all parties the opportunity to be fully heard.  The Plaintiffs and the Defendants have likewise invested a great deal of financial and professional resources in presenting their respective cases to the Court for determination.  There is currently a fully briefed Motion for Summary before the Court.  Given the number of years and the resources committed to this litigation by all parties including the Court, it would be undeniably prejudicial to the Plaintiffs to have their case dismissed because of a one (1) day inconsequential delay in my Firm filing its Notice of Appearance on behalf of the Plaintiffs; and

5.   The Plaintiffs will accept this Court's discretion in imposing any sanction other than dismissal which this Court may deem necessary.


Based on the foregoing, the Plaintiffs respectfully submit that they have demonstrated good cause and excusable neglect pursuant to Rule 6(b)(1)(B) and as such that this Court should grants its cross-motion and accept my Firm's Notice of Appearance.  Further, the Plaintiffs respectfully submits that the Defendants' Motion to Dismiss and request to enter default judgment be denied in its entirety.


Respectfully submitted,

Oquendo Deraco PLLC

By:  *Ricardo E. Oquendo*



c.      Robert Golden, Esq. (via ECF)