UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PRIVADO MARKETING GROUP LLC, DC 115
CEDAR NR, LLC and DON COQUI HOLDING
COMPANY, LLC,

                          Case No. 13-cv-3137-ER

                                Plaintiffs,

    - against-

ELEFTHERIA RESTAURANT CORP,

                                Defendant.
-----------------------------------------------------------------x
ELEFTHERIA RESTAURANT CORP and JOHN
MANGAN,

                              Counterclaim Plaintiffs,

    - against-

PRIVADO MARKETING GROUP LLC, DC 115
CEDAR NR, LLC and DON COQUI HOLDING
COMPANY, LLC,

                                Counterclaim Defendants.
-----------------------------------------------------------------x

**DECLARATION OF RICARDO E. OQUENDO IN OPPOSITION TO
DEFENDANTS' APPLICATION FOR ATTORNEYS FEES AND COSTS**

RICARDO E. OQUENDO, pursuant to 28 U.S.C. §1746, declares and states as follows:

    1.    I am a partner at the law firm of Oquendo Deraco Pllc and represent the Plaintiffs in the above-captioned action. I am a member in good standing of the Bar of the State of New York, and I am admitted to practice before this Court. As counsel for the Plaintiffs I hereby submit this Declaration in opposition to the Defendants' Application for Attorney Fees and Costs.

    2.    As an initial matter, the Plaintiffs acknowledge and accept this Court's December 20, 2016 Order pursuant to which this Court denied the Defendants' Letter Motion to Dismiss For Lack of Prosecution ("Motion to Dismiss") and alternatively granted Defendants request for

attorneys' fees, subject to submitting to this Court detailed billing records of the time spent and amount of fees requested.

3.   The Plaintiffs, however, respectfully submit that the Defendants claim for $5,100.50 in attorney fees and costs is excessive and not reasonable under the facts and circumstances related to the Defendants' 2 page Motion to Dismiss filed on December 8, 2016. The Defendants' attorneys have billed a total of 10.30 hours for the legal work of 2 highly experienced senior partners and 1 paralegal to prepare a 2 page Motion to Dismiss which as a practical and substantive matter was ultimately not necessary given that they had knowledge that I had filed my Firm's Notice of Appearance on behalf of the Plaintiffs on December 6, 2016, one day after the Court Ordered December 5, 2016 deadline. All of the firm's legal work was performed **after** they already had knowledge that I had filed my Firm's Notice of Appearance. The Defendants were not prejudiced by the 1 day delay in the filing of my Firm's Notice of Appearance.

4.   As an initial objection, Defendants' attorneys' invoice fails to specify the billing rates for each attorney and paralegal who worked on the Motion to Dismiss. As set forth in Robert Golden's Declaration, however, Mr. Golden's current billing rate is $550/hour, and the firm's paralegal, Eric Menist's, current billing rate is $240/hour. The firm's invoice provides a time entry of 1.30 hours for "JMR" (who I have ascertained, by reviewing the firm's website, to be Jeffrey Rollins a senior partner at the firm) but his credentials and billing rate are not provided in Mr. Golden's Declaration. Given that Mr. Golden's Declaration fails to provide Mr. Rollins' credentials and billing rate the Plaintiffs respectfully request that Mr. Rollins charges should not be accepted by this Court.

5. As per the firm's invoice, Mr. Golden billed a total of 7.7 hours at $550/hour for a total of $4,235.00, Jeffrey Rollins billed 1.30 hours at $500 for a total of $650.00 and Eric Menist, the firm's paralegal, billed 1.30 hours at $240/hour for a total of $312.00. The 10.30 hours at the corresponding hourly rates actually total $5,197.00 not $5,100.50. Mr. Golden and Mr. Rollins, both of whom are highly experienced senior attorneys, billed a total of 9 hours for a combined total of $4,885.00 in legal fees for a 2 page Motion to Dismiss.

6. The Plaintiffs respectfully submit that 9 hours of work performed by 2 senior and experienced partners to produce a 2 page Motion to Dismiss is excessive and not reasonable and the Court should not grant the firm's total claimed $5,100.50 in legal fees.

7. As previously noted, however, since the Plaintiffs accept that this Court has granted the Defendants attorney fees, the Plaintiffs offered the Defendants' attorneys $2,500.00 to settle their attorney fees claim. Mr. Golden has rejected this payment. A copy of my email to Mr. Golden is annexed hereto as **Exhibit A**.

## APPLICABLE LAW

8. *Hensley v Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983) is the controlling law in this jurisdiction in determining an award of attorney fees to a prevailing party. Although the Plaintiffs acknowledge that attorney fees were not granted to the Defendants as a "prevailing party", the Plaintiffs respectfully submit that the Defendants should only be awarded "reasonable attorney fees" as determined in this Court discretion. Thus, in reviewing the Defendants' application for attorneys' fees and determining the "reasonableness" of the attorney fees to be awarded this Court may take into account the number of hours claimed by the attorneys and whether they were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Accordingly, as noted herein, the Plaintiffs assert that the Defendants' attorneys 10.30 hours for

an essentially simple 2 page Motion to Dismiss is excessive, redundant and was ultimately otherwise unnecessary and should therefore not be granted in its entirety by this Court.

9. The reduction of compensable hours is also a matter within this Court's discretion to determine. See, *Luciano v Olsten Corp.*, 109 F.3d 111 (2nd Cir. 1997). In *Luciano*, the district court reasoned that in reviewing a fee application, the district court examines the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case and concluded that the court can exclude excessive and unreasonable hours from its fee computation by making an across-the-board reduction in the amount of the hours. *Luciano*, 109 F.3d at 116-117. Accordingly, the Plaintiffs request that this Court consider a reduction of the total number of hours claimed by the Defendants attorneys as it may deem appropriate and in its discretion given that there was no real value to the merits of the Defendants legal positions in this case by having filed the Motion to Dismiss.

10. It is also within this Court's discretion to consider a reduction in an award of attorney fees based on the "degree of success" achieved for the benefit of the Defendants by the Motion to Dismiss. In *Hensley*, the Court concluded that the most critical factor in determining an award of attorney fees is the degree of success obtained. *Hensley*, 461 U.S. at 436. *See also, Kassim v. City of Schenectady*, 415 F.3d 246 (2nd Cir. 2005) (Because the plaintiffs' degree of success is "the most critical factor, we authorize the district court to reduce the requested award to account for the limited success.") *Kassim*, 415 F.3d at 255-256.

11. Finally, the Plaintiffs respectfully request that this Court also consider in making its attorney fees determination the fact that they were also required to incur legal fees to oppose the Motion to Dismiss which was ultimately denied by this Court, legal fees that would not have otherwise been incurred had the Defendants not moved to dismiss the Plaintiffs case for my Firm's

unintentional delay in filing the Notice of Appearance by 1 day past the this Court's December 5, 2016 deadline.

**WHEREFORE**, the Plaintiffs respectfully request this Court deny the Defendants' Application for Attorneys Fees and Costs as it may deem appropriate and in its discretion.

Dated: New York, New York
       March 9, 2017

                                        Oquendo Deraco Pllc


                                        By:   /s/ *Ricardo E. Oquendo*
                                              Ricardo E. Oquendo, Esq. (RO-3721)
                                              Attorneys for Plaintiffs
                                              The Chanin Building
                                              380 Lexington Avenue, Suite 1721
                                              New York, New York 10168
                                              212.551.7904
                                              reo@roesq.com


### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served on Defendants on March 9, 2017, *via* the SDNY ECF system, addressed to Defendants' counsel as follows:

                        Robert B. Golden, Esq.
                        Jeffrey M. Rollings, Esq.
                        Lackenbach Siegel LLP
                        One Chase Road
                        Scarsdale, NY 10583
                        rgolden@lsllp.com
                        jrollings@lsllp.com


Dated: New York, New York
       March 9, 2017                                    /s/ *Maria C. Deraco*
                                                        Maria C. Deraco